THE PEOPLE OF THE STATE OF NEW YORK ON THE RELATION OF SARAH B. KIRK ET. AL. *v.* GEORGE W. WEIANT, AS SURROGATE OF THE COUNTY OF ROCKLAND, ROBERT ALLEN, JR., AND SARAH M. DOIN ET AL.

*Surrogate — not disqualified from acting by reason of his having been attorney for the testator at the time of his death — he is not disqualified because he may be called as a witness by the contestants — Code of Civil Procedure, sec. 2496.*

APPLICATION for a writ of prohibition, to prohibit the surrogate of Rockland county from proceeding with the probate of the will of Elisha Ruckman, deceased.

The papers in the proceedings alleged that, at the time of making the will and for three years previous to the death of Elisha Ruckman, the surrogate of Rockland county was the attorney and counsel for deceased, and that at the time of his death he was his attorney in three actions pending in this court and in the courts of United States. That he was well acquainted with the deceased during his lifetime, and knew the surroundings of the deceased, his mental and physical condition, and the influences that surrounded him. This motion was made before the surrogate, who refused to entertain it.

It was claimed that the surrogate was disqualified, because; 1st. He was the attorney and counsel of deceased up to the time of his death, and that the actions are still pending and undetermined, and which actions and their *status* may be affected by the probate of this will. 2d. That he was a necessary and material witness to the contestants on the probate of the will.

The court at General Term said: "The surrogate is not disqualified by the provision of section 2496 of the Code of Civil Procedure. That section only applies to subscribing witnesses to wills or to witnesses to establish non-cupative wills. The

expression, witness to a will, has a definite meaning in law. It does not mean all witnesses who can be called in support of a will, but only those who are subscribing witnesses, properly so called, and those by whose testimony wills as such are to be proven. The surrogate is not generally disqualified. He was an attorney for a testator in certain actions which the deceased had pending before and at the time of his death. These actions are in no way affected by the proof of the will, and the surrogate has ceased to be an attorney in them. It is not claimed that the relator wished the surrogate as a witness for her upon her contest in reference to the probate of the will. It is claimed that possibly the surrogate by his dealings with the deceased may have formed an opinion as to his capacity to make a will or as to its having been obtained by undue influence or fraud. The papers show that the surrogate did not draw the will; had no knowledge of its execution, or in fact that there was a will until after the decedent's death. The case then simply is this: when the capacity of a testator is disputed, if a surrogate has lived in the community with the deceased testator and in common with them may be supposed to know of his capacity he may be disqualified as surrogate. We deem the law to be otherwise.

The motion for a writ of prohibition should therefore be denied, with costs.

*George V. Brower*, for contestants Sarah B. Kirk and others.

*Daniel P. Barnard*, for contestants John and James Boylan.

*Seth B. Cole*, for George W. Weiant, surrogate.

Opinion by BARNARD, P. J; DYKMAN and PRATT, JJ. concurred.

Motion for writ of prohibition denied, with costs.